IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. FLITCROFT, Sr. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 5208 |
| | ) | |
| LAKE COUNTY SHERIFF GARY DEL RE, | ) | |
| Individually and in His Official Capacity, | ) | |
| DEPUTY YANECEK, DEPUTY McCORMICK, | ) | |
| LT. HAMM, ROBERT POPP, AND JOHN DOES, | ) | |
| 1-50, in their Individual and Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

JAMES F. HOLDERMAN, District Judge:

On November 21, 2005, plaintiff Michael A. Flitcroft, Sr. ("Michael Flitcroft"), invoking 42 U.S.C. § 1983, filed a six-count First Amended Complaint alleging false arrest and false imprisonment in violation of the Fourth and Fourteenth Amendment and applicable state law against defendants Lake Count Sheriff Gary Del Re ("Sheriff Del Re"), and Lake County Deputies J. McKinney ("Deputy McKinney"), Yanecek ("Deputy Yanecek"), McCormick ("Deputy McCormick"), Lt. Hamm ("Lt. Hamm"), and Officer Robert Popp ("Officer Popp"), in both their official and individual capacities (collectively "defendants"). (Dkt. No. 15). The defendants filed the pending motion on January 17, 2006 to dismiss a number of the counts in the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"), for failure to state a claim upon which relief maybe granted. (Dkt. No. 23). For the reasons set forth below, this court grants the defendants' pending motion to dismiss as to Counts Five and Six but denies the motion as to the other counts in the First Amended Complaint.

BACKGROUND

Michael Flitcroft's First Amended Complaint alleges that he was arrested on November 20, 2003 at approximately 1:20 a.m. (Dkt. No. 15 at ¶ 17). The arrest occurred at a traffic stop initiated by Deputy McKnney after the car that Michael Flitcroft was a passenger in had pulled into a gas station. (*Id.* at ¶ 11). Deputy McKinney allegedly ordered Michael Flitcroft and the car's driver out of the car and searched them without their consent. (*Id.* at ¶ 12). Deputy Yanecek arrived shortly thereafter to assist Deputy McKinney. (*Id.*) Deputy McKinney and/or Deputy Yanecek asked Michael Flitcroft for identification. Michael Flitcroft produced his State of Illinois Identification Card which identified him as Michael Flitcroft. (*Id.* at ¶ 13).

Deputy McKinney and Yanecek then informed Michael Flitcroft that they were arresting him on a warrant for Charles E. Flitcroft, Jr. ("Charles Flitcroft"). (*Id.* at ¶ 14). Charles Flitcroft is Michael Flitcroft's brother. (*Id.*) Michael Flitcroft told Deputies McKinney and Yanecek that he was not Charles Flitcroft and pointed out that Charles Flitcroft is of a different height, weight, build and eye color. (*Id.* at ¶ 15). The arrest report authored by Deputy McKinney states that he arrested Michael Flitcroft because Michael Flitcroft was wanted on two warrants. (*Id.* at ¶ 16). The First Amended Complaint alleges that there were no outstanding warrants for Michael Flitcroft at the time of the arrest. (*Id.* at ¶ 19).

The back side of the arrest warrant for Charles Flitcroft states that the arrest occurred at approximately the same time that Michael Flitcroft was arrested by Deputies McKinney and Yanecek but the arrest warrant states that it was executed by an "Officer McCormick." (*Id.* at ¶ 17). The arrest warrant for Charles Flitcroft lists physical descriptions and other identifications that are different from Michael Flitcroft's physical descriptions. The arrest warrant states that

Charles Flitcroft's descriptions are date of birth (7/28/58), height (5'8"), weight (178 lbs.), hair color (brown) and eye color (hazel). (*Id.*) The warrant also lists a driver's license number for Charles Flitcroft. Michael Flitcroft differs from Charles Flitcroft in date of birth (5/5/60), height (5'6"), weight (130 lbs.), hair color (blonde), and eye color (green). (*Id.* at ¶ 16). His State of Illinois Identification Card number is also different from Charles Flitcroft's driver's license number. (*Id.*)

The First Amended Complaint alleges that Officers McKinney and Yanecek knew that they were arresting Michael Flitcroft instead of Charles Flitcroft because the officers referred to Michael Flitcroft as "Michael" throughout the arrest and on the arrest form. (*Id.* at ¶ 18). Officers McKinney and Yanecek also asked Michael Flitcroft where Charles Flitcroft was located, told Michael Flitcroft that he wouldn't have to worry if Charles Flitcroft turned himself in, and threatened to "mistakenly" arrest Michael Flitcroft if Charles Flitcroft did not turn himself in. (*Id.*)

Michael Flitcroft was booked in the Lake County Jail by Officer Popp. (*Id.* at ¶ 20). The booking document completed by Officer Popp reflects the booking of Michael Flitcroft. It also lists the physical characteristics of Michael Flitcroft. (*Id.*) Michael Flitcroft informed Officer Popp that he was not Charles Flitcroft and asked Officer Popp to examine the warrant but Officer Popp refused. (*Id.* at ¶ 21). Officer Popp also refused to fingerprint Michael Flitcroft so that his fingerprints could be compared to Charles Flitcroft's fingerprints. (*Id.*) Michael Flitcroft's requests to have his identity verified, his fingerprints taken and his requests to be released from the Lake County Jail were denied by Officer Popp and various yet unidentified Lake County officials. (*Id.* at ¶ 23). Lt. Hamm, who knows both Michael and Charles Flitcroft because both

3

have been at the Lake County Jail on previous occasions, also saw Michael Flitcroft at the jail but refused Michael Flitcroft's requests to confirm his identity.  (*Id.* at ¶¶ 24-25).

Michael Flitcroft was released after he was brought before Lake County Associate Circuit Judge Victoria L. Martin.  (*Id.* at ¶ 28).  Judge Martin noted that Michael Flitcroft was not the person named in the warrant and ordered his immediate release.  (*Id.* at ¶ 28).  Michael Flitcroft was detained for approximately twenty-one hours.  (*Id.* at ¶ 29).  He also alleges that he was to start a new job the next day and the unlawful detention prevented him from starting the job and in turn he lost that job.  (*Id.* at ¶ 30).

Michael Flitcroft's First Amended Complaint brings claims for false arrest and false imprisonment pursuant to 42 U.S.C. § 1983.  Count One alleges a violation of the Fourth Amendment violation against the defendants in their individual capacities, Count Two alleges a Fourth Amendment violation against the defendants in their official capacities, Count Three alleges a Fourteenth Amendment violation against the defendants in their individual capacities, Count Four alleges a Fourteenth Amendment violation against the defendants in their official capacities and Counts Five and Six allege false arrest and false imprisonment under Illinois state law.  Michael Flitcroft seeks monetary damages to compensate him for the lost job opportunity, mental and emotional distress and damages to his reputation.  Deputies McKinney and Yanecek filed an answer to Counts One and Two and Sheriff Del Re filed an answer to Count Two of the complaint on January 17, 2006.  (Dkt. No. 22).  In this motion, all defendants seeks dismissal of Counts Three through Six.  Sheriff Del Re, Lt. Hamm and Officers Popp and Deputy McCormick also seek dismissal of Count One.

STANDARD OF REVIEW

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper only when it appears beyond a doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005). The complaint need not plead facts to allege a claim, *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005), the well pleaded allegations of the complaint must be accepted as true, *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Cody*, 409 F.3d at 857, and ambiguities in the complaint must be construed in the plaintiff's favor. *Id.* at 857. However, a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *Lekas*, 405 F.3d at 613-14.

ANALYSIS

A. Count One: Fourth Amendment Individual Capacity Claims

Count One alleges false arrest and false imprisonment in violation of the Fourth Amendment against all defendants. Sheriff Del Re, Lt. Hamm, Officer Popp and Deputy McCormick seek dismissal arguing that they were not personally involved in the alleged false arrest. Michael Flitcroft counters that the Sheriff failed to act to remedy the unlawful practices of his subordinates and the other defendants refused to recognize that he was wrongly arrested when they were confronted by Michael Flitcroft in the Lake County Jail.

"Individual liability under § 1983 is predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional violation. A casual connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Orange v. Burge*, No. 04 C 168, 2005 WL 742641, at *13 (N.D. Ill.

Mar. 30, 2005) (quoting *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Searles v. Bd. of Educ. of the City of Chicago / Chicago Sch. Reform Bd. of Tr.*, No. 03 C 8966, 2004 WL 1474583, at *4 (N.D. Ill. June 29, 2004)). However, "a defendant's direct participation in the deprivation is not required. ... An official satisfies the personal responsibility requirement of § 1983 if [he] acts or *fails to act* with a deliberate or reckless disregard of the plaintiff's constitutional rights." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982) (emphasis in original)); *see also Grossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ([The Seventh Circuit] "will find supervisory liability if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it.").

Additionally, "an officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know ... that a citizen has been unjustifiably arrested ... and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (emphasis omitted)). "One who is given a badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." *Yang*, 37 F.3d at 285 (quoting *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972)). "This responsibility to intervene applies equally to supervisory and nonsupervisory officers." *Id.*

Michael Flitcroft could potentially prove a set of facts to support his false arrest claim

6

against Sheriff Del Re, Lt. Hamm, Officer Popp and Deputy McCormick in their individual capacity and therefore the defendants' motion to dismiss Count One of the complaint must be denied. Michael Flitcroft could later prove that Sheriff Del Re deliberately and recklessly disregarded the alleged unconstitutional practices of his officers. Additionally, Michael Flitcroft alleges that the other defendants were aware of his unlawful arrest but took no action to intervene despite their knowledge of the alleged unlawful arrest.

B.  Counts Three and Four: Fourteenth Amendment Due Process Claims

The defendants argue that the Fourteenth Amendment Due Process claims in Counts Three and Four must be dismissed because Michael Flitcroft was released after he was brought before Judge Martin who determined that Michael Flitcroft had been misidentified. "The Seventh Circuit has indicated that jailing a person for a period of time over his vigorous protest that he is the wrong person, without investigating or bringing him before a magistrate, can raise 'serious constitutional questions under the due process clause if the arrest was proper and the complaint is that the arrested person, having been deprived of his liberty by being incarcerated, was denied due process.'" *Hernandez v. City of Chicago*, No. 99 C 6441, 2001 WL 128246, at *4 (N.D. Ill. Feb. 9, 2001) (quoting *Patton v. Przybylski*, 822 F.2d 697, 700-01 (7th Cir. 1987)). In the present case, however, Michael Flitcroft alleges that the defendants arrested and detained him knowing that he was not Charles Flitcroft, the person wanted on the arrest warrant. Therefore, the issue of whether the defendants investigated Michael Flitcroft's claims of misidentification or whether bringing Michael Flitcroft before Judge Martin cures any constitutional error, is irrelevant because, according to the complaint, there was never a valid arrest as the defendants knowingly arrested and detained the wrong person.

C. Counts Five and Six: State Law Claims for False Arrest and False Imprisonment

Michael Flitcroft does not challenge the defendants' position that the state law claims are barred by the applicable statute of limitations. Therefore, Counts Five and Six of the First Amended Complaint are dismissed because those counts were filed after the applicable statute of limitations had run.

## CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss of January 17, 2006 (Dkt. No. 23), is granted as to Counts Five and Six but denied as to the other counts. The defendants are ordered to file an answer to Flitcroft's complaint on or before March 24, 2006. The parties are requested to hold a Rule 26(f) conference and file a jointly completed Form 35 signed by counsel for each party on or before April 7, 2006. The parties are requested to submit a courtesy copy of the Form 35 to Chambers on the day of filing. This case is set for a report on status and entry of a scheduling order at 9:00am on April 13, 2006. The parties are also encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Judge

Date: March 9, 2006